# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-0681V
Filed: May 6, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CAROL BYRD, | \* | |
| | \* | |
| Petitioner, | \* | |
| v. | \* | |
| | \* | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \* | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Douglas Ross*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 30, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury as a result of an influenza ("flu") vaccination received on January 7, 2013. On April 6, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 30).

On April 4, 2016, petitioner filed an Application for Attorneys' Fees ("Application"). (ECF No. 27). The Application was thereafter amended ("Amended Application") on April 27, 2016. (ECF No. 35). Petitioner requests attorneys' fees in the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

amount of $17,391.00 and attorneys' costs in the amount of $973.60 for a total amount of $18,364.60. *Id.* at 1. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.*

On April 4, 2016, respondent filed a response to petitioner's Application. (ECF No. 29). In her response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent further "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00 and $14,000.00" but provides no basis or explanation for how she arrived at this proposed range. *Id.* at 3.

On April 14, 2016, petitioner filed a reply. (ECF No. 34). Petitioner argues that respondent "fails to specifically identify any deficiencies, unreasonableness, or billing issues" (*id.* at 3) and provides only "a self-serving estimation of what the Respondent believes the range for fees and costs in this type of case should be" (*id.* at 2). Petitioner includes a list of the attorneys' fees and costs awarded petitioner's counsel in 2015. *Id.* at 4-5.

On April 28, 2016, respondent indicated by email correspondence that respondent did not intend to file a response to petitioner's Amended Application. (Informal Remark, dated April 28, 2016).

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates with one exception. The undersigned reduces petitioner's counsel's requested hours in the Amended Application by .3 hours, or $76.50, as counsel failed to provide a date corresponding to the .3 hours he billed to "[p]repare settlement package for client." Amended Application at 9.[3]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's Amended Application for attorneys' fees and costs.

---

[3] As discussed during the April 26, 2016 status conference all billed-for activities must have an associated date provided in the billing records accompanying the application for attorneys' fees. *See* Order filed April 28, 2016 (ECF No. 36). The undersigned notes that Section 15(e)(1) of the Vaccine Act provides that "In awarding compensation on a petition filed under section 300aa-11 of this title the special master or court shall also award as part of such compensation an amount to cover- (A) reasonable attorneys' fees, and (B) other costs, **incurred** in any proceeding on such petition." 15(e)(1)(emphasis added).

**Accordingly, the undersigned awards the total of $18,288.10[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Maximillian J. Muller.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.